**ALD-086**                                                                 NOT PRECEDENTIAL

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 10-3639
_____

CALVIN PROPST,
Appellant

v.

JEFFREY A. BEARD, Secretary of Corrections;
DONALD T. VAUGHN, Eastern Regional Deputy Secretary;
KATHLEEN M. ZWIERZYNA, Bureau of Standards, Practices and Security Director;
DORINA VARNER, Office of Grievances and Appeals, Chief Grievance Coordinator;
ALAN B. FOGEL, Bureau of Health Care and Food Services Director;
DAVID DIGUGLIELMO, Superintendent of State Correctional Institution at Graterford;
LINK, Ms., Unit Manager at State Correctional at Graterford (D-Unit);
BRIAN V. COLEMAN, Superintendent of State Correctional Institution at Fayette;
CHRISTOPHER MYERS, Physician Assistant;
ROBERT TRETNIK, (R.N.) Health Care Administrator;
SUSAN BERRIER, (R.N.) Corrections Registered Nurse Supervisor, et al
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 10-cv-00874)
District Judge: Honorable Stewart Dalzell
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 13, 2011
Before:  SCIRICA, HARDIMAN and VANASKIE, Circuit Judges

(Filed  January 25, 2011)
_____

OPINION OF THE COURT
_____

PER CURIAM.

Calvin Propst, an inmate at the State Correctional Institute at Fayette, appeals from an order of the District Court dismissing sua sponte his pro se civil rights action for failure to state a claim. For the reasons that follow, we will vacate the judgment of the District Court and remand for further proceedings.

On March 1, 2010, Propst filed a complaint pursuant to 42 U.S.C. § 1983. He alleges that, on July 18, 2008, while incarcerated at the State Correctional Institute at Graterford, he slipped in the shower and injured his ankle and back. He claims to have alerted prison officials of the danger posed by the shower's tile floor, but the problem was not remedied. At some later date, he was transferred to Fayette. He alleges that medical staff at Fayette did not give him proper medical attention for the injuries sustained at Graterford. He named as defendants several prison officials, including those in charge of safety and maintenance at Graterford, as well as members of the medical staff at Fayette. The District Court sua sponte dismissed the complaint for failure to state a claim. It did not give Propst an opportunity to amend, nor did it find that amendment would be futile. Propst appeals.[1]

A district court shall dismiss a complaint by a plaintiff proceeding in forma pauperis if the complaint fails to state a claim upon which relief may be granted. 28

---

[1] We have jurisdiction to hear this appeal. 28 U.S.C. § 1291. Our review of a district court's dismissal for failure to state a claim is plenary. Umland v. PLANCO Fin. Serv., Inc., 542 F.3d 59, 63-64 (3d Cir. 2008). Summary action is warranted if an appeal presents no substantial question. LAR 27.4; I.O.P. 10.6.

2

U.S.C. § 1915(e)(2). However, before proceeding with such a dismissal, the district court must grant the litigant leave to amend the complaint unless any amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 106 (3d Cir. 2002). Here, at least with regard to the denial-of-medical-treatment claim, granting leave to amend would not have been inequitable or futile.

An inmate making an Eighth Amendment claim on the basis of the denial of medical treatment must show "(1) that the defendants were deliberately indifferent to [his or her] medical needs and (2) that those needs were serious." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Propst alleged that his fall caused arthritis, sharp pains, and stiffness in his ankle, and aggravated a preexisting back problem, causing sharp pains in his lower back and leg, and that the defendants refused to provide adequate medical treatment for these injuries. "If 'unnecessary and wanton infliction of pain' results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the eighth amendment." Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987) (quoting Estelle, 429 U.S. at 103). The District Court concluded that Propst's alleged injuries did not meet the constitutional standard. To the extent that the District Court meant that Propst has not alleged serious medical needs, we disagree. See Woloszyn v. Cnty. Of Lawrence, 396 F3d 314, 320 (3d Cir. 2005). But even if we did agree, it is not clear from Propst's allegations that amendment would be futile.

3

The District Court may, however, have simply meant that Propst has not sufficiently alleged deliberate indifference, i.e., that the defendant "knew of and disregarded an excessive risk to inmate health and safety." <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994). The allegations in Propst's complaint may not satisfy that standard, but they do not suggest that allowing him to amend would be futile. Propst should have been given the opportunity to amend his complaint to show whether he could establish that the defendants acted with deliberate indifference.

Accordingly, we will vacate the decision of the District Court and remand for further proceedings. Propst's motion for the appointment of counsel is denied as moot.